# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **TERRY WAYNE JONES**     **LA. DOC #309459** | **CIVIL ACTION NO. 3:11-cv-1587** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LOUISIANA SUPREME COURT** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Louisiana inmate Terry Wayne Jones filed the instant "Emergency Writ of Mandamus" on August 26, 2011. He asks the Court to order the Louisiana Supreme Court to act on his application for writ of *certiorari* which has been pending since January, 2011. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the pleading be **DISMISSED WITH PREJUDICE**.

### *Background*

On February 1, 2010, petitioner was convicted of being a felon in possession of a firearm; he was thereafter sentenced by Louisiana's First Judicial District Court to serve ten years at hard labor without benefit of parole. He apparently did not appeal. However, on some unspecified date he filed an application for post-conviction relief raising two claims – ineffective assistance of counsel and illegal search and seizure. On November 9, 2010, the District Court denied relief and petitioner thereafter sought review in the Second Circuit Court of Appeals. On December 16, 2010, the Second Circuit denied writs in a proceeding assigned Docket Number 46,253-KH. On January

6, 2011, petitioner filed an application for *Certiorari* in Louisiana's Supreme Court. This application was assigned Docket Number 2011-KH-0227. According to petitioner, that matter remains pending before the Supreme Court. Petitioner claims that the delay has violated his Constitutional rights and he asks this Court "to order the Louisiana Supreme Court to act on his State Writs..."

## *Law and Analysis*

Petitioner is asking this Court to order Louisiana's Supreme Court to act on his writ application which seeks review of the denial of an application for post-conviction relief. However, in so doing, he fails to state a claim for which relief may be granted. Federal courts generally do not interfere with the state courts' application of state procedural law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power or jurisdiction over state judicial proceedings. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982); *Chandler v. Florida*, 449 U.S. 560, 570, 101 S.Ct. 802 (1981) (Federal Courts have no supervisory jurisdiction over state courts.)

Further, to the extent that petitioner seeks to invoke the *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff." (emphasis supplied) The Justices of the Louisiana Supreme Court are not "officers or

employees of the United States." Plaintiff is clearly not entitled to *mandamus* relief.

Therefore,

**IT IS RECOMMENDED** that the instant "Emergency Writ of Mandamus" be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE